UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                                    Plaintiff,

           -against-                              **ORDER**
                                                  21-CV-1554-NGG-SJB

JOHN DOE
*subscriber assigned IP address 100.38.72.102,*

                                    Defendant.
---------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

   This copyright infringement action was commenced by Plaintiff Strike 3 Holdings,

LLC ("Plaintiff" or "Strike 3") against an unnamed defendant (the "Doe Defendant"), who

have as yet only been identified by Internet Protocol ("IP") address allegedly associated

with him or her (100.38.72.102).  Presently before the Court is a motion for expedited

discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to serve

subpoenas upon various Internet Service Providers ("ISPs") to obtain the true identities of

the Doe Defendant.

   The Court concludes that good cause exists to allow for the expedited discovery.

Accordingly:

   **IT IS ORDERED** that Strike 3 may serve a subpoena in compliance with Fed. R.

Civ. P. 45 (the "Subpoena(s)") on the ISP specifically identified in the Complaint to obtain

only the name and address of the internet subscriber associated with the IP address also

identified therein.  Under no circumstances is Strike 3 permitted to seek or obtain any Doe

Defendant's phone number or email address, or to seek or obtain information about

potential defendants other than those whose IP addresses are specifically identified in the

Complaint, without a further Court order.  Each such Subpoena shall have a copy of this

Order attached; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address, but shall not immediately disclose such information to Strike 3. Rather, within 60 days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address. This measure is appropriate to place the subscriber(s) on fair notice of Strike 3's efforts to obtain his or her identifying information, and his or her rights to contest the Subpoena or litigate it anonymously. In this regard, service by the ISPs upon the Doe Defendant may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives copies of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. The ISP may not disclose any Doe Defendant's identifying information to Strike 3, or its employees or agents, at any time before the expiration 60-day period. Additionally, if a Doe Defendant or ISP files a motion to quash the Subpoena, the ISP may not turn over any information to Strike 3, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of 10 days to produce the information responsive to the

2

Subpoena to Strike 3 or file its own motion to quash if it so chooses.  In the event a Doe Defendant or ISP moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's contact information to Strike 3, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein.  If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to the Subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in the Complaints; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

SO ORDERED.

*/s/Sanket J. Bulsara* March 30, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York